IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| WILSON CONRAD | ) |
| | ) |
| v. | ) NO. 3:04-1155 |
| | ) JUDGE CAMPBELL |
| QUENTON WHITE | ) |

## MEMORANDUM

Pending before the Court is Defendant's Pre-Answer Motion to Dismiss Complaint (Docket No. 8). For the reasons stated herein, Defendant's Motion is DENIED.

## FACTS

Plaintiff Wilson Conrad is a former employee of the Tennessee Department of Corrections ("TDOC") at the Turney Center. He brings this action, pursuant to 42 U.S.C. § 1983, against Quenton White, who was, at the relevant time, Commissioner of TDOC. Plaintiff alleges that Defendant violated Plaintiff's constitutionally-protected rights under the law, specifically his Fourteenth Amendment rights.

Plaintiff contends that, in July of 1998, he received a notice of intent to take disciplinary action from the warden at Turney Center, based upon an allegation that Plaintiff had made an inappropriate comment to someone. Plaintiff asserts that he appeared for a disciplinary hearing on September 8, 1998, but was never allowed to confront his accuser. The warden terminated Plaintiff's employment on September 16, 1998.

Plaintiff claims that he timely appealed the decision to fire him through the appropriate employee grievance procedure, but TDOC, despite his repeated attempts to schedule a hearing, refused to set the matter for a hearing. In January of 2004, however, Defendant White advised Plaintiff that Defendant had reviewed the information concerning Plaintiff's appeal and that Plaintiff

would receive a hearing. Plaintiff avers that, in July 2004, he was told that Defendant White had reconsidered and decided not to afford Plaintiff a hearing on his grievance.

Defendant argues that Plaintiff's action is barred by the applicable one-year statute of limitations and, therefore, should be dismissed.

## MOTIONS TO DISMISS

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept as true all factual allegations in the complaint. Broyde v Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). The motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

A motion to dismiss for failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc., 856 F.Supp. 1229, 1232 (S.D. Ohio 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

## STATUTE OF LIMITATIONS

The parties do not dispute that the applicable statute of limitations in this action is one year and that the Complaint was filed on December 30, 3004. The parties disagree, however, as to when the statute of limitations began to run; that is, when Plaintiff's cause of action arose.

The question of when the statute of limitations began to run is determined by federal law. Ruff v. Runyon, 258 F.3d 498, 500 (6th Cir. 2001). A statute of limitations begins to run when the plaintiff knows or should have known of the injury which is the basis of his action. Id. A plaintiff

2

has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. Id. at 501.

Defendant argues that Plaintiff knew or should have known in the fall of 1998, more than six years before he filed his Complaint, that he was fired and that TDOC was denying him a hearing. Even if Plaintiff did have that knowledge, however, his Complaint is based upon the fact that Defendant White gave Plaintiff notice, in January of 2004, that he could have a hearing on his grievance and then Defendant denied the opportunity for that hearing in July of 2004.

Viewing the Complaint in the light most favorable to the Plaintiff, Defendant White has not shown that Plaintiff's action is barred by the statute of limitations. Plaintiff alleges that Defendant's actions in January and July of 2004, which Defendant has not denied, gave rise to the cause of action stated in Plaintiff's Complaint, and therefore, Plaintiff's action, filed in December 2004, is timely.

Defendant also argues that he should be entitled to qualified immunity from Plaintiff's claim. In Saucier v. Katz, 121 S.Ct. 2151 (2001), the Supreme Court analyzed the procedures district courts must use to decide qualified immunity issues. The Court stated that a court required to rule upon a qualified immunity defense must consider the threshold question of whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right. Id. at 2156. The Complaint in this case alleges a clearly established due process right under the Fourteenth Amendment.

Once it is determined that the right is clearly established, the court then must decide whether a reasonable person in the defendant's position would have known that his or her actions violated clearly established rights. Id. at 1008. In other words, the rights in question must have been so clearly established that any officer in the defendant's position, measured objectively, would have

3

clearly understood that he was under an affirmative duty to have refrained from such conduct. Cullinan v. Abramson, 128 F.3d 301, 309 (6th Cir. 1997). The Court finds that Plaintiff's Complaint is sufficient to survive Defendant's Motion to Dismiss on the qualified immunity issue.

Finally, because the State of Tennessee is not a party to this action, Defendant's Eleventh Amendment argument is moot.

For all these reasons, Defendant's Motion to Dismiss (Docket No. 8) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE