IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILSON CONRAD | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:04-1155 |
| | ) | JUDGE CAMPBELL |
| GEORGE LITTLE, Commissioner, | ) | MAGISTRATE JUDGE KNOWLES |
| TENNESSEE DEPARTMENT OF | ) | (JURY DEMAND) |
| CORRECTIONS, Individually | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.
INTRODUCTION**

Comes the Plaintiff, Wilson Conrad, through undersigned counsel, and hereby responds in opposition to the Defendant's Motion for Summary Judgment filed in this matter. Plaintiff submits that based on the law of the case and the fact that there are disputed issues of material fact the Court should deny the Defendant's Motion.

**II.
STANDARD OF REVIEW**

A Motion for Summary Judgment pursuant to Rule 56 may not be granted where there exists a genuine issue as to any material facts. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Summary judgment is to be granted only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Electrical and Industrial Company v. Zenith Radio, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (citations omitted). "[I]n ruling on a motion for summary judgment, the Court must construe the evidence in its most favorable light for the party opposing the motion and against the movant." It is beyond peradventure that all facts and inferences to be drawn therefrom must be read

in the light most favorable to the non-moving party. Particularly close scrutiny, however, is required to be given to a motion for summary judgment in a civil rights case. Tarlton v. Meharry Medical College, 717 F. 2d 1523, 1535 (6th Cir. 1984); Azar v. Conley, 456 F. 2d 1382, 1384 n. 1 (6th Cir. 1972).

## III.
## RELEVANT FACTS

Wilson Conrad was employed with the Tennessee Department of Corrections from August 1972 until his termination on September 16, 1998. (Conrad Depo. Pg. 32, Exhibit 5). In February, 1998, Mr. Conrad was accused of various infractions related to a sexual harassment complaint. (Amended Complaint ¶ 5). On September 16, 1998, the warden of Turney Center where Mr. Conrad was employed as a Lieutenant terminated his employment. (Id at Exhibit 5).

Following his termination, Mr. Conrad availed himself to the grievance process applicable to employees of the State of Tennessee. (Conrad Depo. Pgs. 34-37) Per the instructions he was given, on October 5, 1998, Mr. Conrad faxed a document entitled "Employee Grievance Form" to the Department of Personnel. (Conrad Depo. Pgs. 34-37). The next step in the grievance process was a formal hearing before the Commissioner of the Department of Corrections. (Conrad Depo. Pg. 71). However, the Department, who is charged with scheduling that hearing never scheduled a hearing.

In the fall of 2003, Mr. Conrad had occasion to meet the new Commissioner of Corrections, Quentin White. (Conrad Depo. Pgs. 65-66). Mr. Conrad advised that he wished to discuss his situation with the Commissioner and was advised to contact the Commissioner's office. (Id at Pgs. 67-69).

In November 2003, Mr. Conrad met with two (2) staff members to informally discuss the situation. (Id. at Pgs. 70-71). The focus of the meeting was whether Mr. Conrad had actually

filed the grievance. (Id. at Pgs. 72-3). Mr. Conrad supplied a letter from the individual from whose office the grievance form was faxed and subsequently, phone records from that individual verifying that the facsimile was sent. (Id at Pgs 72-75). Mr. Conrad advised the Commissioner's staff that he had filed his grievance appropriately and had not gotten any response and was seeking the formal hearing that he was entitled to under the grievance procedures in place. (Id at Pgs. 76-77).

In January of 2004, Mr. Conrad received a telephone call from the Commissioner's assistant, Brenda White. (Conrad Depo. Pg. 80). Ms. White advised Mr. Conrad that the Department was going to schedule a hearing for him on his grievance. (Id. at Pgs. 80-81) Within the next few weeks, Mr. Conrad contacted Ms. White on several occasions attempting to ascertain the date of the hearing. (Id. at Pgs. 82-83). Mr Wilson also received confirmation of the decision to grant him a hearing from his state representative, Randy Rinks. Mr. Rinks had at least two (2) conversations with Commissioner White about Mr. Conrad and was advised by the Commissioner that Mr. Conrad was going to be given his grievance hearing. (Rinks Declaration ¶ 4).

In anticipation of the scheduled hearing, Mr. Conrad retained an attorney who likewise attempted to obtain a hearing date on his behalf. However, when Mr. Conrad was advised that the decision to afford him a hearing had been rescinded, this action was filed. Commissioner White and his assistant, Brenda White, both deny that Mr. Conrad was ever advised he would receive a hearing. (B. White Depo. Pg. 27).

## IV.
## SUMMARY OF THE ARGUMENT

Mr. Conrad contends that this matter is governed by the law of the case. In response to the Complaint, the Defendant filed a Motion to dismiss on essentially the same grounds raised in

his motion for summary judgment. (Docket No. 8). The Court entered an Order denying that Motion stating in relevant part:

> Plaintiff alleges that Defendant's actions in January and July of 2004, which Defendant has not denied, gave rise to the cause of action stated in Plaintiff's complaint, and therefore, Plaintiff's action, filed in December 2004, is timely. (Docket No. 13, Pg. 3)

The only thing different between the Motion to Dismiss and the Motion for Summary Judgment is the fact that the Defendant has now denied that Mr. Conrad ever filed a valid grievance and that he was granted a hearing by Commissioner White. However, based upon the testimony of Mr. Conrad and Randy Rinks, Plaintiff submits that there are disputed issues of material fact with respect to whether the grievance was timely filed and whether Commissioner White granted the hearing. If the finder of fact believes the testimony of Mr. Conrad and representative Rinks to be credible, they could likewise conclude that Mr. Conrad timely filed his grievance otherwise the Commissioner would be without authority to grant the hearing.

Based upon the Court's prior ruling and the nature of the claim asserted, it is clear that the single determinative issue in this case is whether Commissioner White granted Mr. Conrad's request for a hearing in January of 2004. Because there is competent evidence in the record establishing that this issue is in dispute, the Court should deny Defendant's Motion for Summary Judgment.

## V.
## BRIEF AND ARGUMENT

### A. Mr. Conrad's Grievance was Timely and Appropriately

The easiest way that this entire matter could have been resolved is if, in January of 2004, the Department of Corrections had advised Mr. Conrad that he would not receive a hearing because it was determined that his grievance was not timely or appropriately filed. Had this been

done, the burden on Mr. Conrad would have been exceptionally difficult. However, because Mr. Conrad was advised in January of 2004, that he would receive a hearing, the argument that Mr. Conrad did not appropriate file his grievance is of no merit.

With respect to the filing of his grievance, Mr. Conrad contends that he spoke with Tina Johnson, an employee of the Department of Personnel, who advised him to fax his grievance form to her. (Conrad Depo. Pgs. 43-45). Mr. Conrad further contends that he followed Ms. Johnson's instructions and relied upon her representations as an employee of the Department of Personnel to advise him of the proper manner in which to file his grievance. (Id.) The Defendant has submitted an affidavit of Ms. Johnson wherein she does not deny anything Mr. Conrad has testified to however, states that she has no recollection of the events and speaks of routine procedures followed by her and her office. (Johnson Aff.).

Clearly, whether Mr. Conrad timely and appropriately filed his grievance is an important issue when considering whether or not to grant him a hearing. This is evidenced by the fact that in the informal meeting Mr. Conrad had with the Commissioner's staff in November 2003, the main inquiry was whether or not he had filed his grievance timely and appropriately. Conrad Depo. Pgs. 71-75). In response to this inquiry Mr. Conrad provide the letter from Mr. Vise and subsequently provided telephone records supporting his contention that he had timely and appropriately filed his grievance. Clearly, based upon the substance of the meeting in November 2003, this issue was a critical part of the inquiry made by the Commissioner's office.

It is undisputed that the manner in which Mr. Conrad filed his grievance was inconsistent with the instructions on the grievance form. However, that fact alone is not dispositive of the issue. Mr. Conrad contacted the Department of Personnel and relied upon the advice given him as he is entitled to do. Even Ms. Johnson herself is not in a position to dispute Mr. Conrad's

5

testimony insofar she has no recollection of the events.

Mr. Conrad submits that he filed his grievance timely and appropriately consistent with the instructions he was given by the State of Tennessee Department of Personnel. At worst, based upon the fact that his testimony with respect to this issue is undisputed, the fact that the focus of the inquiry at the informal meeting in November 2003 was whether he had filed his grievance in a timely and appropriate manner; and because he was advised in January of 2004 that the Commissioner had decided he would receive a hearing, summary judgment on this issue is inappropriate.

### B. The Plaintiff's Action is not barred by the Statute of Limitations

As noted above in the summary of the argument this issue was raised in the Defendant's Motion to Dismiss. (Docket No. 8). That motion was denied and in doing so, the Court focused on the primary issue which is whether Commissioner White granted the hearing. (Docket No. 13). In that ruling, the Court was of course required to accept all of the allegations in the complaint as true. As such, the Court considered the allegation that Mr. White granted the hearing as being true and found that to be the triggering date for the statute of limitations.

Importantly, in its motion to Dismiss, the Defendant advanced the same argument that they now advance which is that the statute of limitations began sometime prior to 2004. Clearly, the Court was in a position at that time to accept such an argument but instead rejected it. The fact that Mr. White now denies that allegation in the complaint does not change the original argument nor is it dispositive of the issue. In ruling on the Motion, the Court clearly articulated that the statute did not begin to run until sometime in 2004 based upon the allegation that Mr. White granted the hearing. (Id.) Whether the statute began to run prior to 2004 has already been addressed and rejected by the Court. (Id.) Naturally, various facts have been developed through

6

the course of discovery that were not available at the time the Motion to Dismiss was presented. However, on this issue, the Court stated:

> Plaintiff alleges that Defendant's actions in January and July of 2004, which Defendant has not denied, gave rise to the cause of action stated in Plaintiff's complaint, and therefore, Plaintiff's action filed in December 2004 is timely. (Id. at Pg. 3).

The only difference in the facts before the Court on the Motion to Dismiss and the facts now before the Court is that the Defendant has denied granting the hearing and then rescinding it in January and July of 2004. However, these only create issues of material fact and do not provide a basis to set aside the law of the case.

Likewise, the Defendant's argument Commissioner White was without authority to grant Mr. Conrad a hearing is without merit. The Defendant attempts to bootstrap its previous argument that Mr. Conrad did not timely or appropriately file his grievance to the Commissioner's authority to grant the hearing. This argument is unavailing.

It is undisputed that no agent of the State has the authority to extend the statute of limitations. However, in order for the Defendant to prevail, the Court must first determine that Mr. Conrad's right to a hearing was already extinguished. The Defendant conveniently assumes this point for purposes of their argument. However, as noted above, the Plaintiff does not concede nor should the Court assume the Defendant's major premise.

Clearly, the issue of whether Mr. Conrad had timely and appropriately filed was on the Commissioner's radar screen. The evidence in the record is that was the primary focus of the informal meeting in November of 2003. (Conrad Depo. Pgs. 71-75) had the Commissioner determined that Mr. Conrad had not timely and appropriately filed it stands to reason that he would have perhaps indicated sympathy to Mr. Conrad's position however, in the end, stated that he was without the authority to grant Mr. Conrad's request because the grievance had not been

7

timely and appropriately filed. Similarly, there is no evidence that the Commissioner stated he was going to authorize the hearing even thought the grievance had not been timely or appropriately filed.

It is beyond peradventure that administrative processes function in large without regard to time tables. The fact that days, months, or even years pass between the filing of grievances and scheduling of hearings in ultimate resolution while not prudent, is certainly not uncommon. If, as the Plaintiff contends, the Commissioner found that Mr. Conrad's grievance was timely and appropriately filed, nothing would prevent him from scheduling the hearing. As Brenda White stated, the decision "was solely up to the Commissioner." (B. White Depo. Pg. 27). If a fact finder believes Mr. Conrad and Representative Rinks that Commissioner White did in fact grant a hearing, then the fact finder could likewise conclude that the Commissioner made the determination that the grievance was timely and appropriately filed and therefore granting the hearing was consistent with the law and not extending an expired statute of limitations. Because there are material facts in dispute with respect to whether or not the commissioner granted the hearing, this does not provide a basis for granting summary judgment and the Defendant's Motion should be denied.

### C. Qualified Immunity and Monetary Damages.

The Plaintiff only seeks injunctive relief in this case. This is a straightforward procedural due process claim where the real party in interest is the State of Tennessee. However, because of sovereign immunity, this action is brought against the Commissioner of the Department of Corrections individually, pursuant to Ex Parte Young. 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed 2d 714 (1908). In Ex Parte Young, the Supreme Court carved out an exception to the state's constitutional immunity from suit, one that permits federal courts to enjoin state officials from

8

the future enforcement of state legislation that violated federal law. Under the exception, "a federal court's remedial power . . . is necessarily limited to prospective injunctive relief, and may not include a retroactive award which requires the payment of funds from the state treasury." Carten v. Kent State University, 282 F. 3d 391, 395 (6th Cir. 2002).

In this case, the claim is that then Commissioner White initially granted Mr. Conrad the hearing in question and subsequently decided not to give him that hearing. The purpose of this lawsuit is to require that the Defendant give Mr. Conrad the hearing to which he is entitled. Therefore, this action is lawfully brought pursuant to Ex Parte Young for the relief requested. That relief does not include any award of monetary damages. In the event the Plaintiff were to prevail in this action, the only remedies available would be an order that the Department through its agents provide Mr. Conrad with a hearing and attorney's fees.

As for the Defendant's arguments advanced with respect to qualified immunity and damages, they are simply the other side of the same coin. State law clearly establishes a property right in the grievance process. It is undisputed that Mr. Conrad had the right to a hearing. The arguments advanced by the Defendant with respect to this issue are the same advanced in support of their argument with respect to the statute of limitations. As noted above, because there are material issues of fact in dispute with respect to the filing of the grievance and ultimately, whether Commissioner White granted the request for hearing, this Court should not dismiss this action on the grounds of qualified immunity.

## VI.
## CONCLUSION

WHEREFORE, for all the foregoing reasons, the Plaintiff submits that there are material issues of fact in dispute which preclude summary judgment and therefore, the Defendant's Motion should be denied.

                                              **Respectfully Submitted,**

                                              **s/ Jeffery S. Frensley**
                                              **Jeffery S. Frensley, Esq. #17358**
                                              **RAY & FRENSLEY**
                                              211 Third Avenue North
                                              P. O. Box 198288
                                              Nashville, Tennessee 37219
                                              615-256-2111
                                              Attorney for the Plaintiff

## CERTIFICATE OF SERVICE

       I hereby certify that a true and exact copy of the foregoing has been mailed, first class, postage prepaid, to:

Jay C. Ballard
Assistant Attorney General
Civil Litigation and State Services Division
P. O. Box 20207
Cordell Hull Building, 2nd Floor
Nashville, Tennessee 37202-0207

On this___ day of March, 2007.

                                              **s/ Jeffery S. Frensley**
                                              **Jeffery S. Frensley, Esq.**